UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **CV 26-9529 FMO (CTSx)** | Date | **September 8, 2026** |
| Title | **Charles Augello v. Evergreen Alliance Golf Limited, LP, et al.** | | |

| | | |
|---|---|---|
| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff: | Attorney Present for Defendants: | |
| None Present | None Present | |

**Proceedings: (In Chambers) Order Remanding Action**

On July 23, 2026, Charles Augello ("plaintiff") filed a Complaint in the Los Angeles County Superior Court against Evergreen Alliance Golf Limited, LP ("Evergreen") and Arcis Golf, LLC ("Arcis") (collectively, "defendants"), asserting state law claims. (See Dkt. 1, Notice of Removal ("NOR") at ¶ 3); (Dkt. 1-1, Complaint at ¶¶ 2, 42-161). Defendants removed the action on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(b). (See Dkt. 1, NOR at ¶ 1). Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.[1] See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Washington v. United Parcel

[1] An "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction "either by motion or sua sponte").

When federal subject matter jurisdiction is predicated on diversity of citizenship, see 28 U.S.C. § 1332(a), complete diversity must exist between the opposing parties, see Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"), and the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332(a). Here, the court's review of the NOR and the attached state court Complaint makes clear that this court does not have subject matter jurisdiction over the instant matter. See 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted). In other words, plaintiff could not have originally brought this action in federal court, as plaintiff does not competently allege facts supplying diversity jurisdiction.[2] See 28 U.S.C. § 1332(a).

Defendants contend that complete diversity exists because plaintiff is a citizen of California, (see Dkt. 1, NOR at ¶ 9(a)), while defendants are "corporations organized under the laws of the State of Delaware and maintain[] their principal place of business in Dallas, Texas." (See id. at ¶ 9(b)); (Dkt. 1-3, Declaration of Scott Siddons in Support of Notice of Removal ("Siddons Decl.") at ¶¶ 2-3). However, in setting forth the applicable legal standard for determining a party's citizenship, defendants improperly rely on the standard applicable to corporations even though Arcis is a limited liability company ("LLC"). (See Dkt. 1, NOR at ¶ 9(b)) (setting forth the standard applicable to corporations). In other words, defendants' contention that Arcis is incorporated in the State of Delaware, with its principal place of business in Dallas, Texas, (id.), is irrelevant to the determination of Arcis's citizenship. See Buschman v. Anesthesia Business Consultants LLC, 42 F.Supp.3d 1244, 1248 (N.D. Cal. 2014) ("An LLC's principal place of business [or] state of organization is irrelevant" for purposes of diversity jurisdiction); Tele Munchen Fernseh GMBH & Co Produktionsgesellschaft v. Alliance Atlantis Int'l Distribution, LLC, 2013 WL 6055328, *4 (C.D. Cal. 2013) ("As a limited liability company, [defendant]'s principal place of business is irrelevant for purposes of diversity jurisdiction."). This is because LLCs are treated like partnerships rather than corporations for the purpose of determining citizenship, and are deemed "a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006); see Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 569, 124 S.Ct. 1920, 1923 (2004) ("[A] partnership . . . is a citizen of each State or foreign country of which any of its partners is a citizen."). "There is no such thing as 'a [state name] limited partnership' for purposes of . . . diversity jurisdiction. There are only partners, each of which has one or more citizenships." Hart v. Terminex Int'l, 336 F.3d 541, 544 (7th Cir. 2003) (internal quotation marks omitted). Because

[2] Defendants seek only to invoke the court's diversity jurisdiction. (See, generally, Dkt. 1, NOR).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **CV 26-9529 FMO (CTSx)** | Date | **September 8, 2026** |
| Title | **Charles Augello v. Evergreen Alliance Golf Limited, LP, et al.** | | |

defendants failed to allege the citizenship of each owner/member of Arcis, (see, generally, Dkt. 1, NOR), it has failed to establish the existence of diversity jurisdiction.[3] See, e.g., Lindley Contours, LLC v. AABB Fitness Holdings, Inc., 414 F.Appx. 62, 65 (9th Cir. 2011) (holding that an allegation that no member of a defendant LP "is an Oregon citizen," without identifying the actual state of citizenship of the LP's members or whether the members were composed of another layer of business entities, was insufficient to establish complete diversity); Amescua v. Peacock TV LLC, 2024 WL 39192, *3 (C.D. Cal. 2024) (remanding action where LLC defendant "fail[ed] to specifically identify [its] member's members and allege each one's citizenship").

Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that defendants have met their burden. Therefore, there is no basis for diversity jurisdiction.

Based on the foregoing, IT IS ORDERED THAT:

1. The above-referenced action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Clerk shall send a certified copy of this Order to the state court.

00 : 00

Initials of Preparer vdr

[3] Defendants' contentions regarding Evergreen's citizenship are likewise insufficient. Evergreen has two partners, Premier Golf EaglLP, LLC and Premier Golf EAGL GP, LLC. (Dkt. 1-3, Siddons Decl. at ¶ 2). Here too, defendants fail to state the citizenship of the partners and members. (See, generally, id.).